```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STATE OF NEW JERSEY,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBBY R. WILLIS,<br><br>            Defendant. | Civil Action<br>No. 10-5242 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

SIMANDLE, District Judge:

   Robby R. Willis, acting pro se, through his Notice of Removal filed in this Court, seeks to remove his criminal prosecution from the Superior Court of New Jersey, Burlington County, to this Court pursuant to 28 U.S.C. § 1443.  This matter has been assigned to the docket of the undersigned, who has reviewed the matter to determine whether there is a jurisdictional basis to permit this removal.  For the following reasons, it is clear that this criminal prosecution cannot be removed from the Superior Court of New Jersey to the United States District Court under Section 1443.

   The State of New Jersey indicted Robby Willis and others in a ten-count Indictment filed August 17, 2010, charging various crimes under state law, including kidnaping, first degree murder, first degree carjacking, unlawful possession of a weapon, and terroristic threats.  Willis alleges that he was arraigned in Burlington County on September 13, 2010 and pleaded not guilty to

all charges.  He is represented by counsel in his Burlington County criminal case, but he is unrepresented in his attempt to remove that case to this Court.  According to his Petition, he believes that the Superior Court of New Jersey lacks jurisdiction over him and that it is denying him a speedy trial, in violation of the Constitution.  His Petition states:

> Petitioner seeks removal of the pending state criminal proceeding to this court pursuant [to the] removal statute, 28 U.S.C.A. § 1443, on the ground that the arrest and prosecution of the Petitioner is without due regard [to] the Petitioner's rights and due process of law.  The Petitioner has the right to have his trial in a federal venue, and to have his pretrial motions heard before he can go to trial.  These rights cannot be denied by the trial court.  [Petition for Removal at paragraph 7].

In particular, Petitioner alleges that he has been prejudiced by pretrial publicity in Burlington County and that a fair trial in that County will not be possible because of the publicity.  He also alleges he is being denied effective assistance of counsel in violation of the Sixth Amendment to the Constitution.  [Id. at paragraphs 9-12].

As relief, he seeks for the federal court to enjoin the prosecution of his case in Burlington County and from keeping Petitioner in custody in connection with that prosecution.

Title 28, United States Code, Section 1443 does not provide a basis for removal of this state criminal prosecution.  This statute provides:

>Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>(1) Against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
>(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The two types of removal permitted by this statute fall into narrow categories. Under subsection (1), removal is permitted only by a defendant who is denied, or cannot enforce in the state courts, a right under any law providing for the equal civil rights of such persons. Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal under Section 1443(1). Georgia v. Rachel, 384 U.S. 780, 792 (1966); Davis v. Glanton, 107 F.3d 1044, 1047-48 (3d Cir. 1997), cert. denied, 522 U.S. 859 (1997). Thus, a defendant seeking to remove a case under Section 1443(1) must demonstrate that the rights claimed by the defendant arise under a provision of the Constitution or federal law specifically

designed to promote racial equality, and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he or she seeks protection. Id.; 14C Wright, Miller, Cooper & Steinman, Federal Practice and Procedure, § 3727 at 286-288 (2009 ed.) [and cases cited therein].

A criminal defendant seeking removal must demonstrate that there is a solid basis for predicting that the defendant's civil rights will be denied in the state court through "reference to a law of general application" -- namely a state statute or the state constitution -- that denies the defendant's civil rights. Strauder v. West Virginia, 100 U.S. 303, 311-12 (1879). The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under Section 1443(1). City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 829-30 (1966). As a result, a defendant will generally satisfy the removal statute only if a state enactment governing his state prosecution is discriminatory on its face and is clearly in conflict with a federal right relating to racial equality. Georgia v. Rachel, 384 U.S. at 804; Peacock, 384 U.S. at 827-828 (removal not justified because defendants had not met the requirement of a firm prediction of a denial of civil rights by the state courts).

4

In the present case, removal under Section 1443(1) is improper because the removing Defendant has not alleged, with specificity, any provision of New Jersey statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the U.S. Constitution.  He cannot allege that the circumstances of the underlying crimes with which he is charged constituted some sort of federally protected activity, nor has he demonstrated why the New Jersey courts would not afford him the full protections of the law.

This case is likewise not removable under Section 1443(2).  The first portion of subsection (2) applies only to federal officers or agents and those authorized to act with or for them in affirmatively executing duties under the federal law providing for equal civil rights.  Peacock, 384 U.S. at 824.  Likewise, with respect to the second portion of Section 1443(2), "for refusing to do any act on the ground that it would be inconsistent with such [civil rights] law," removal is likewise available "only to state officers," according to the Supreme Court in Peacock.  The purpose of this "refusal clause," according to the Second Circuit, "is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval."  Greenberg v. Veteran, 889 F.2d 418, 421 (2d Cir. 1989).  Obviously, Mr. Willis and his case fit into none of these categories.

For these reasons, Petitioner Robby R. Willis' attempt to remove his criminal prosecution from the Superior Court of New Jersey to this Court will be denied.  The accompanying Order will be entered.[1]


                                           **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE
                                           U.S. District Judge

Dated:    **March 24, 2011**

---

[1] Petitioner's application to proceed in district court without prepaying fees or costs, specifically to attempt to file this petition without prepaying the filing fee, will be granted because, upon review of his declaration under penalty of perjury, he appears to be indigent within the meaning of 28 U.S.C. § 1915.